UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL RESEARCH CORPORATION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DRUMMOND AMERICAN CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:07CV1155 CDP

# **MEMORANDUM AND ORDER**

Plaintiffs Richard Steele, James Shore, Gerald Sanok, and Kurt Wise are current employees of plaintiff Continental Research Corporation. All four previously worked for defendant Drummond American Corporation, where they had signed non-compete agreements. Plaintiffs seek a declaration that their Drummond non-compete agreements are unenforceable. They also seek damages based on a variety of legal theories.

Drummond has filed a motion to sever the claims of the various individual plaintiffs, or in the alternative to transfer the case to the Northern District of Illinois, where Drummond is headquartered. Having considered the parties' arguments, I find that severance in this case would not be appropriate. However,

for the convenience of the parties and witnesses, and in the interest of justice, I will transfer the case to the Northern District of Illinois.

## Background

Continental Research and Drummond are competitors engaged in the business of selling and distributing industrial chemicals. Continental Research is a Missouri corporation with its principal place of business in St. Louis, while Drummond is an Illinois corporation with its principal place of business in Des Plaines, Illinois. Plaintiffs Steele, Shore, Sanok and Wise are regional sales agents who now work for Continental Research, and who live and work in Indiana, Tennessee, New York and Wisconsin, respectively. The individual plaintiffs are all former Drummond employees who resigned or were fired between 2006 and 2007. Each had previously entered into a non-compete agreement with Drummond.

Continental Research and the individual plaintiffs seek a declaration that the non-compete agreements are unenforceable. In addition, the individual plaintiffs assert that they were wrongfully denied vested bonus commissions when they left Drummond. They bring claims for money damages under the Illinois Sales Representative Act, the Employee Retirement Income Security Act ("ERISA"), common-law breach of contract, and a state-law claim under the law of each plaintiff's respective state. Thus, in total, the complaint alleges twenty counts:

four counts seeking declaratory judgment, four counts under Illinois law, four counts under ERISA, four counts under common law, and four counts under the state laws of Indiana, Tennessee, New York, and Wisconsin. Plaintiff Continental Research (the only party located in Missouri) joins only in the claims seeking declaratory judgment.

## Motion to Sever

Drummond first argues that the various claims of the four individual plaintiffs should be severed into four separate trials, with Continental Research as co-plaintiff in each suit. According to Drummond, the circumstances surrounding each of the plaintiffs' cases are separate and distinct. Each plaintiff was fired or resigned on a separate date and for individual reasons.

Rule 20(a) of the Federal Rules of Civil Procedure provides that parties may join as plaintiffs:

> . . . if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Thus, joinder will only be allowed where two requirements are met: (1) the parties' claims arise out of the same transaction or occurrence or series of transactions or occurrences; and (2) the claims involve a common question of law or fact. Joinder of parties under Rule 20(a) is not an absolute right, however.

Under Rules 20(b) and 42(b), a court has discretion to order separate trials or make other orders to prevent delay or prejudice. *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990) (district court's decision to order separate trials is reviewed for abuse of discretion).

Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties. Joinder of claims, parties and remedies is strongly encouraged. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). The Eighth Circuit employs a very broad definition for the term "transaction" as that term is used in Rule 20: "Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Rule 20 permits all "reasonably related" claims to be tried in a single proceeding. Absolute identity of all events is unnecessary. *Bowling v. Kerry*, 406 F. Supp. 2d 1057, 1062 (E.D. Mo. 2005).

In this case, four former employees of Drummond are contesting the validity and enforceability of their non-compete agreements. Although the individual plaintiffs are from different states, and they each left Drummond at a different time and under different circumstances, the injury they each allege is the same. Each plaintiff's claim is part of the same series of transactions that gave rise to this suit.

Plaintiffs were all employed by Drummond, then left Drummond and began work for Continental Research. Drummond then sought to enforce the non-compete agreements common to all individual plaintiffs and to deny plaintiffs their bonuses. As such, these plaintiffs' claims are logically related for purposes of Rule 20. *Compare Bowling*, 406 F. Supp. 2d at 1062 (plaintiffs alleging the same injury were properly joined even though they worked for the defendant at different times), *with Smith v. Planned Parenthood of the St. Louis Region*, 225 F.R.D. 233, 245 (E.D. Mo. 2004) (plaintiffs' fraud claims against common defendant severed where one was "based on an alleged omission of material information concerning risks associated with abortion in 1999, while [the other was] based on defendants' alleged false representations with respect to its offer of free counseling in 2002").

Additionally, plaintiffs' claims raise common issues of law and fact. The legal validity of the non-compete agreements is the overriding issue common to all of the plaintiffs' claims. Additionally, the claims involving the bonus program share factual and legal issues. For these reasons, I conclude that joinder of the plaintiffs' claims is both permissible under the Rules and warranted as a matter of judicial discretion. I therefore decline to sever the claims of the various plaintiffs.

**Motion to Transfer**

Drummond seeks an order from this Court transferring this case to the Northern District of Illinois under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In considering the motion for transfer, I must apply the law of the Eighth Circuit. *See Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340 (Fed. Cir. 2000). Plaintiffs concede that because Drummond is an Illinois corporation with its principal place of business in Des Plaines, the Northern District of Illinois is a judicial district where this action "might have been brought." *See* 28 U.S.C. § 1391(b).

Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000). The party seeking transfer is required to make a "clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *May Department Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1166 (E.D. Mo. 1995); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (E.D. Mo. 1985). A transfer which would merely shift the inconvenience from one party to another should not be granted. *Houk*, 613 F. Supp. at 928.

By its terms, § 1404(a) sets out three broad categories of interests that must be considered in ruling on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) interests of justice. *Terra Int'l*, 119 F.3d at 691. Of these, convenience of the witnesses is considered a primary, if not the most important, consideration. *Biometics*, 112 F. Supp. 2d at 876; *May Department Stores*, 900 F. Supp. at 1165. A court is not limited, however, to just these enumerated factors. Determinations under § 1404(a) require a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l*, 119 F.3d at 691. The "myriad of factors" which may be considered include access to sources of proof, availability of compulsory process for witnesses, expenses attendant to the production of witnesses, the governing law, the possibility of delay and prejudice if a transfer is granted, and the relative advantages and obstacles to a fair trial. *May Department Stores*, 900 F. Supp. at 1165; *Houk*, 613 F. Supp. at 927; *Woolridge v. Beech Aircraft Corp.*, 479 F. Supp. 1041, 1057 (W.D. Mo. 1979). Various "public factors" which can be considered in the interest of justice include "the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, . . . the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 (1981). While considering all relevant

factors in the circumstances of this particular case, I turn now to the three broad categories of interests set forth in § 1404(a).

Convenience of the Parties.

This suit involves a total of six different parties in six states. Although the four individual plaintiffs all work for Continental Research, only Continental Research is located in Missouri. Moreover, Continental Research is only a party in four of the 20 claims made against Drummond. The alleged injury to plaintiffs (enforcement of an untenable non-compete agreement and refusal to pay vested bonuses) occurs in each state where the individual plaintiffs reside and work. Given that the majority of plaintiffs are not residents of Missouri, these plaintiffs' choice of forum is entitled to little weight. *See Biometics*, 112 F. Supp. 2d at 877 ("The Court gives less deference to plaintiff's choice of forum than it would if plaintiff resided here or if defendants' allegedly infringing activity was centered here."). Though it would no doubt be more convenient to Continental Research to litigate this case in Missouri (and presumably more convenient for plaintiffs' counsel, who is located in Missouri), the balance of factors weighs in favor of transferring the case to Illinois. *See id.* at 876 ("The convenience of plaintiff's counsel is not entitled to any weight in the analysis.") (citations omitted). The individual plaintiffs would be only marginally more inconvenienced (if at all) by litigating in Illinois as opposed to Missouri. It is the actions of Drummond, and its

attempts to enforce the non-compete agreements, that are the focus of this lawsuit. Continental Research and its ties to this forum are not central to any of the issues being litigated by the individual plaintiffs.

Convenience of the Witnesses.

As noted previously, convenience of the witnesses is a "primary, if not the most important" consideration when ruling on a motion to transfer venue. *Biometics*, 112 F. Supp. 2d at 876; *May Department Stores*, 900 F. Supp. at 1165. The majority of non-party witnesses in this case will likely be located in Illinois. The non-compete agreements that are central to this litigation are Drummond contracts, and Drummond employees will likely be called on to testify regarding their terms. Similarly, Drummond employees in Illinois would likely testify regarding the circumstances of the individual plaintiffs' resignations and terminations. Testimony regarding the unpaid commission bonuses would also likely come from Illinois witnesses.

In contrast, plaintiffs in their brief do not point to any non-party witnesses located in Missouri. It is true that Drummond and Continental Research customers may be called as witnesses. But those customers are likely to be scattered across several states, just like the plaintiff sales representatives. Traveling to the Northern District of Illinois would be no less convenient for those witnesses than traveling to Missouri. On balance, it is readily apparent that, since

this lawsuit involves a dispute over contracts and agreements made with Drummond, more of the key witnesses will be located in Illinois than in Missouri. These witnesses would be more likely to testify in person (rather than by video deposition) were the trial held in Illinois. Moreover, as Illinois residents, these witnesses would be subject to compulsory process in that venue. Drummond should not be forced to pay the expenses attendant to producing witnesses for trial in Missouri, especially given that only one of the five plaintiffs is located here, the actions giving rise to the suit did not take place here, and plaintiffs cannot point to any non-party Missouri witnesses.

Interest of Justice.

Finally, I turn to considerations of justice and fairness in deciding whether to transfer this case to the Northern District of Illinois. It is worth noting that, although this case is essentially a contract dispute over the enforceability of non-compete agreements, it was brought by plaintiffs as a declaratory judgment action. This "reverse" lawsuit is brought by the former employee sales representatives, rather than by the defendant Drummond. Drummond could have initially brought suit to enforce the agreements on its terms and in its choice of forum. *Cf. Textron Lycoming Reciprocating Engine Division v. United Automobile, Aerospace and Agricultural Implement Workers of America*, 523 U.S. 653, 664 (1998) (Breyer, J.,

concurring); *Eveready Battery Co. v. L.P.I. Consumer Products, Inc.*, 464 F. Supp. 2d 887, 890 (E.D. Mo. 2006).

Plaintiffs' complaint alleges 20 counts under federal law, common law, Illinois law, and the state law of four other states. None of plaintiffs' claims relate to Missouri law. None of the actions giving rise to the suit took place in Missouri. Plaintiffs may claim that Continental Research is currently suffering an injury in this state, however this "injury" can just as easily be interpreted as occurring in every state where the individual plaintiffs are located. The documents, witnesses, and actions at the center of this lawsuit are all in Illinois. A Missouri jury should not bear the burden of hearing a case with only a tenuous connection to this forum.

No answer has yet been filed in this case, and the parties would not be unduly prejudiced by a transfer at this early stage in the litigation. For all the foregoing reasons, I will grant Drummond's motion to transfer venue to the Northern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to sever [#9] is DENIED.

**IT IS FURTHER ORDERED** that defendant's alternative motion to transfer venue to the Northern District of Illinois [#9] is GRANTED and the Clerk

of Court shall transfer this case to the United States District Court for the Northern District of Illinios.

Dated this 6th day of December, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE